IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRAD H., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security,[1] <br><br> Defendant. | Case No. 19-cv-07890 <br><br> Judge Mary M. Rowland |

## MEMORANDUM OPINION AND ORDER

Plaintiff Brad H.[2] filed this action seeking reversal or remand of the final decision of the Commissioner of Social Security denying his application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under the Social Security Act (the Act). For the reasons stated below, the Court grants Plaintiff's motion for summary judgment [11] and denies the Commissioner's motion for summary judgment [19]. The case is remanded for further proceedings consistent with this Memorandum Opinion and Order.

### I. PROCEDURAL HISTORY

Plaintiff applied for DIB and SSI on June 16, 2017, alleging that he became disabled on January 15, 2016. (R. at 19).[3] The application was denied initially and on

---

[1] Kilolo Kijakazi has been substituted for her predecessor pursuant to Federal Rule of Civil Procedure 25(d).

[2] In accordance with Internal Operating Procedure 22, the Court refers to Plaintiff only by his first name and the first initial of his last name.

[3] The Court uses the CM/ECF page numbers on the filings.

reconsideration, after which Plaintiff filed a timely request for a hearing. (*Id.*). On August 7, 2018, Plaintiff, represented by counsel, testified at a video hearing before an Administrative Law Judge (ALJ). (*Id.*). The ALJ also heard testimony from Dennis Gustafson, a vocational expert (VE). (*Id.*). The ALJ denied Plaintiff's request for benefits on October 29, 2018. (*Id.* at 19–32).

Applying the five-step sequential evaluation process, the ALJ found, at step one, that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of January 15, 2016. (*Id.* at 21). At step two, the ALJ found that Plaintiff had severe impairments of bipolar disorder, post-traumatic stress disorder (PTSD) and substance use disorder. (*Id.*). The ALJ found Plaintiff had non-severe impairments of bowel disease and history of cardiac problems. (*Id.* at 22). At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of any of the enumerated listings in the regulations. (*Id.*). The ALJ then assessed Plaintiff's Residual Functional Capacity (RFC)[4] and determined that Plaintiff has the RFC to perform a full range of work at all exertional levels but with the following nonexertional limitations:

> the claimant is limited to simple and routine tasks, occasional interaction with coworkers and supervisors, and no more than incidental interaction with the public.

(*Id.* at 24).

---

[4] "The RFC is the maximum that a claimant can still do despite his mental and physical limitations." *Craft v. Astrue*, 539 F.3d 668, 675–76 (7th Cir. 2008); 20 C.F.R. § 404.1545(a).

Based on Plaintiff's RFC and the VE's testimony, the ALJ determined at step four that there are jobs in significant numbers in the national economy that Plaintiff can perform. (*Id*. at 26). Thus, the ALJ found that Plaintiff had not been under a disability since January 15, 2016 through the date of the decision. (*Id*. at 27). The Appeals Council denied Plaintiff's request for review on September 27, 2019. (*Id*. at 1–6). Plaintiff now seeks judicial review of the ALJ's decision, which stands as the final decision of the Commissioner. *Villano v. Astrue*, 556 F.3d 558, 561–62 (7th Cir. 2009).

## II. STANDARD OF REVIEW

Section 405(g) of the Act authorizes judicial review of the Commissioner's final decision. 42 U.S.C. § 405(g). The Court may not engage in its own analysis of whether the plaintiff is disabled, nor may it "reweigh evidence, resolve conflicts in the record, decide questions of credibility, or, in general, substitute [its] own judgment for that of the Commissioner." *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004). "The ALJ's decision will be upheld if supported by 'substantial evidence,' which means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Jozefyk v. Berryhill*, 923 F.3d 492, 496 (7th Cir. 2019) (quoting *Moore v. Colvin*, 743 F.3d 1118, 1120–21 (7th Cir. 2014)). The Supreme Court has stated that "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is ... 'more than a mere scintilla.' ... It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). In addition, the ALJ must "explain his

analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Scrogham v. Colvin*, 765 F.3d 685, 695 (7th Cir. 2014) (quoting *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005)). The Court accords great deference to the ALJ's determination, but "must do more than merely rubber stamp the [ALJ]'s decision []." *Scott v. Barnhart,* 297 F.3d 589, 593 (7th Cir. 2002) (alterations in original) (quoting *Erhart v. Sec'y of Health & Human Servs.*, 969 F.2d 534, 538 (7th Cir. 1992)). The deferential standard "does not mean that we scour the record for supportive evidence or rack our brains for reasons to uphold the ALJ's decision." *Moon v. Colvin*, 763 F.3d 718, 721 (7th Cir. 2014). "Rather, it is up to the ALJ to articulate the relevant evidence and explain how that evidence supports her ultimate determination." *Noonan v. Saul*, 835 F. App'x 877, 880 (7th Cir. 2020). "If a decision 'lacks evidentiary support or is so poorly articulated as to prevent meaningful review,' a remand is required." *Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012) (quoting *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002)). Reversal and remand may be required "if the ALJ committed an error of law, or if the ALJ based the decision on serious factual mistakes or omissions." *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014) (internal citations omitted).

### III. DISCUSSION

Seeking remand or an award of benefits, Plaintiff argues that (1) the ALJ did not properly evaluate his mental RFC; (2) the ALJ did not properly evaluate his physical RFC; (3) the ALJ did not adequately assess the opinion evidence; and (4) the ALJ's

symptom evaluation is not supported by substantial evidence. The Court agrees with Plaintiff that remand is warranted on the first issue.[5]

**A. The ALJ's RFC Finding**

The ALJ is responsible for assessing Plaintiff's RFC "based on all of the relevant medical and other evidence." 20 C.F.R. § 416.945(a)(3), 416.946(c). "In making a proper RFC determination, the ALJ must consider all of the relevant evidence in the record, even limitations that are not severe, and may not dismiss a line of evidence contrary to the ruling." *Jarnutowski v. Kijakazi*, No. 21-2130, 2022 WL 4126293, at *4 (7th Cir. Sept. 12, 2022) (quotation omitted).

The ALJ found that Plaintiff could do a full range of work, with certain nonexertional limitations: he was "limited to simple and routine tasks, occasional interaction with coworkers and supervisors, and no more than incidental interaction with the public." (R. at 24). Two state agency consultants, Joseph Mehr, Ph.D. and Leslie Fyans, Ph.D., assessing Plaintiff's mental RFC, determined that he should be limited to "simple one to two step tasks." (*Id.* at 80–83, 106). Specifically, in August 2017, Dr. Mehr found that Plaintiff "had the capacity to be able to meet the basic mental demands of competitive, remunerative, simple one to two step tasks." (*Id.* at 24, 80–83). In October 2017, Dr. Fyans confirmed this finding. (*Id.* at 106). The ALJ found these findings "persuasive in formulating the mental limitations in the [RFC]." (*Id.* at 28).

---

[5] Because the Court remands on this ground, it need not address Plaintiff's other arguments at this time.

Plaintiff argues that the ALJ erred in omitting, without sufficient explanation, the "one-to-two step task" limitation opined by the State agency doctors from the hypothetical questions and the RFC assessment. Defendant does not dispute that the ALJ omitted this limitation from the hypothetical questions to the VE and from the RFC. Defendant also does not dispute that all of the jobs identified by the VE (cleaner, industrial; packager, hand; and mold carder) are Reasoning Level 2 jobs.[6] Nevertheless, Defendant responds that an RFC for simple, routine, repetitive tasks is compatible with the DOT Reasoning Level of 2.

Courts in this district, however, have held that "there is a significant difference between one- to two-step tasks and simple, routine, repetitive tasks" *Schlattman v. Colvin*, No. 12 C 10422, 2014 WL 185009, at *7 (N.D. Ill. Jan. 14, 2014). And "a limitation to one or two step work restricts the person to a Level 1 Reasoning job under the DOT, whereas simple work may also include Reasoning Level 2 or higher." *Deborah B. v. Kijakazi*, No. 20-CV-7729, 2022 WL 1292249, at *2 (N.D. Ill. Apr. 29, 2022); *see also Wiszowaty v. Astrue*, 861 F. Supp. 2d 924, 947 (N.D. Ind. 2012) (limitation to one- to two-step tasks consistent with Reasoning Level 1).

For this reason, courts have held that an ALJ's failure to address in the RFC the one- to two-step task limitation from the agency experts, which precludes all of the jobs identified by the VE, "lacks the requisite substantial support," and requires remand. *Deborah B.*, No. 20-CV-7729, 2022 WL 1292249, at *2 (collecting cases); *see*

---

[6] A reasoning development level (or "reasoning level") is assigned to each job listed in the Department of Labor's Dictionary of Occupational Titles ("DOT").

*also Mildred B. v. Kijakazi*, No. 19 CV 3532, 2022 WL 1746849, at *5 (N.D. Ill. May 31, 2022) (explaining that the "ALJ erred by failing to explain why she did not incorporate [state agency reviewing consultant's] 1-2 step task limitation into plaintiff's RFC because that limitation was more restrictive than the limitation to simple, routine work.").

To support its position, Defendant relies on several cases that are not dispositive here. In *Roxanne R. v. Berryhill*, No. 18 C 5484, 2019 WL 2502033 (N.D. Ill. June 17, 2019), the issue was whether jobs requiring Reasoning Level 2 or higher were inconsistent with simple work-related restrictions. *Id*. at *3–4. That case did not involve a state agency consultant's finding that the claimant was limited to one to two step tasks. Neither did *Stephen M. v. Berryhill*, No. 17-CV-7608, 2019 WL 2225986 (N.D. Ill. May 23, 2019), *Stile v. Colvin*, No. 14 C 4379, 2017 WL 2908783 (N.D. Ill. July 7, 2017), or *Sawyer v. Colvin*, 512 F. App'x 603 (7th Cir. 2013).

Defendant also contends that "Drs. Mehr and Fyans each concluded that plaintiff had no understanding or memory limitations…That firmly supports the ALJ's finding that plaintiff could perform simple, routine tasks, which in turn equates with a Reasoning Level of 2, or even 3." (Dkt. 20 at 15). This argument does not explain why the ALJ failed to address the one to two step limitation identified by Drs. Mehr and Fyans. *See e.g. William G. v. Kijakazi*, No. 20 C 5880, 2022 WL 2305323, at *5 (N.D. Ill. June 27, 2022) (concluding that "[b]ecause the ALJ's rejection of the state agency psychologists' one-to-two step work finding failed to build the necessary accurate and logical bridge to her RFC finding in this regard, her decision cannot stand.").

Moreover, this rationale is not found in the ALJ's explanation. *See Mildred B.*, No. 19 CV 3532, 2022 WL 1746849, at *4 (stating that "[b]ecause the ALJ did not say that she believed [the] 1-2 step task limitation was equivalent to, or synonymous with, a limitation to simple, routine tasks, the Court cannot affirm the ALJ's decision on that basis.").

Additionally, Defendant argues that the "ALJ was not required to adopt the reviewers' Prior Findings verbatim." (Dkt. 20 at 15). A similar argument was rejected in *William G.*: while the ALJ "is not required to adopt any particular recommendation about a claimant's ability to work, an ALJ is not permitted to 'play doctor' and make independent medical conclusions that are unsupported by medical evidence in the record." No. 20 C 5880, 2022 WL 2305323, at *5. Finally, Defendant does not argue that the omission of the one to two step limitation is harmless, nor could it. It is undisputed all the jobs identified by the VE were Reasoning Level 2 jobs.

In sum, the ALJ's explanation did not meet the requirement that the RFC analysis "say enough to enable review of whether the ALJ considered the totality of a claimant's limitations." *Lothridge v. Saul*, 984 F.3d 1227, 1233 (7th Cir. 2021). The ALJ did not build an "accurate and logical bridge" from the evidence to her conclusion about Plaintiff's RFC. *Spicher v. Berryhill,* 898 F.3d 754, 759 (7th Cir. 2018).

### B. Request for Award of Benefits

The Court denies Plaintiff's request for an award of benefits. The Court does not believe this case meets the high standard for reversal and an award of benefits. *See Briscoe*, 425 F.3d at 355 (instructing that courts should reverse with an instruction

to award benefits only if "all factual issues have been resolved and the record can yield but one supportable conclusion.") (internal quotation marks and citation omitted); *see also Martin v. Saul*, 950 F.3d 369, 377 (7th Cir. 2020) ("The vast majority of the time we will not award benefits and instead remand for further proceedings.").

## IV. CONCLUSION

For these reasons, the Court grants Plaintiff's motion for summary judgment [11] and denies the Commissioner's motion for summary judgment [19]. Accordingly the ALJ's decision is reversed, and the case remanded to the Commissioner for further proceedings consistent with this opinion. Civil case terminated.

E N T E R:

Dated: September 23, 2022

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge